[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#107)
Facts
On July 19, 1999, the plaintiff, Commercial Capital Corporation (Commercial), filed this action seeking to collect a balance due CT Page 5435 under a note against two co-makers of the note, the defendants, Timothy M. Connelly and The Manor Collection, LLC (Manor). The note, dated February 12, 1997, in the amount of $60,000, was executed by Connelly, Manor and a third co-maker, William T. Hofferth, who has not been named as a defendant in this action. On November 10, 1999, Connelly filed an answer and special defense. Commercial now moves to strike the special defense on the ground that it is legally insufficient. For the reasons stated below, Commercial's motion to strike is granted.
Standard
"[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on . . . [a] motion to strike, the trial court . . . [has an] obligation to take the facts to be those alleged in the special [defense] and to construe the [defense] in the manner most favorable to sustaining [its] legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). A "motion to strike . . . admits all facts well pleaded." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
Discussion
The special defense alleges the following. Manor is a limited liability company, which is owned 51% by Hofferth and 49% by Connelly. Connelly, Hofferth and Manor are co-makers on the note. The co-makers secured the note with Manor's assets, including intellectual property and accounts receivable (the collateral). The borrowed funds were used for purposes of Manor's business. In 1997, Connelly withdrew from active management of Manor after Hofferth indicated his intent to exercise sole control of the company.
Thereafter, in early 1998, Hofferth ceased making payments on the note and converted the collateral to his own use by transferring it to a different business, Will's Workshop, LLC. In May 1998, Hofferth filed for bankruptcy. After Connelly discovered that Hofferth had filed for bankruptcy, he informed Commercial that Hofferth and/or Will's Workshop, LLC were in possession of the collateral and asked Commercial to pursue recovery of the collateral. Despite repeated requests by Connelly for Commercial to seek possession of the collateral, Commercial refused to pursue its rights in the collateral. Commercial then waited over one year before taking any steps to recover the collateral.
Subsequently, Commercial entered into an agreement with Hofferth for the CT Page 5436 recovery of certain limited parts of the collateral, "but has made no effort to recover the proceeds from the use of the collateral." Moreover, Commercial engaged in negotiations with Hofferth regarding the collateral from which Connelly and his counsel were barred.
The special defense concludes that "[t]he failure of Commercial . . . [1] to exercise its rights in [the] collateral . . . and [2] [Commercial's] making an undisclosed agreement under which . . . Hofferth was permitted to retain the bulk of the collateral . . . violated the implied covenant of good faith and fair dealing and as such Commercial . . . is estopped from enforcing its debt to the value of that collateral."
1. Commercial's failure to exercise its rights in the collateral
Commercial argues that the special defense should be stricken because Connelly is jointly and severally liable to it for the entire debt and, therefore, Commercial is entitled to seek recourse against Connelly alone for a money judgment.
"The implied covenant of good faith and fair dealing has been applied . . . in a variety of contractual relationships. . . . Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. . . ." (Citation omitted; internal quotation marks omitted.) Magnan v. Anaconda Industries,Inc., 193 Conn. 558, 566, 479 A.2d 781 (1984). "[T]he Uniform Commercial Code, General Statutes 42a-1-101 et seq., applies to transactions involving promissory notes." Fleet Bank, N.A. v.Polites, Superior Court, judicial district of Hartford, Docket No. 387118 (April 1, 1992, Aronson, J.). The Uniform Commercial Code, General Statutes § 42a-1-203 provides that "[e]very contract or duty within this title imposes an obligation of good faith in its performance or enforcement."
The special defense admits that Connelly is a co-maker of the note. The Uniform Commercial Code, General Statutes § 42a-3-116 (a) provides, in pertinent part, that "two or more persons who have the same liability on an instrument as makers . . . are jointly and severally liable in the capacity in which they sign." The term joint and several liability means that an injured party may look to any one of the co-makers to satisfy the full amount of his damages. See Alvarezv. New Haven Register, Inc., 249 Conn. 709, 717, 735 A.2d 306 (1999). Accordingly, as Connelly is jointly and severally liable for the note, Commercial may proceed against Connelly alone for a money judgment, without violating the implied covenant of good faith and CT Page 5437 fair dealing. See Fleet Bank, N.A. v. Polites, supra, Superior court, Docket No. 387118.[1]
Moreover, the failure of Commercial to exercise its rights in the collateral does not provide grounds for a special defense based on the implied covenant of good faith and fair dealing. A secured creditor is not required to pursue the property securing a note. SeeNew Milford Savings Bank v. Jajer, 244 Conn. 251, 266, 708 A.2d 1378 (1998).
Upon default, a secured creditor has multiple remedies against both the debtor and the secured property. Id. "[T]he plaintiff is entitled to pursue its remedy at law on the [note], or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes, and, in this State, action for foreclosure of the mortgage and upon the note are regarded and treated, in. practice, as separate and distinct causes of action. . . ." Id. See also NewEngland Mortgage v. Perry, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308259 (July 14, 1994, Hauser,J.) (where the court granted a motion to strike a special defense, which alleged that the defendants "should receive credit for the value of the real property which [served] as collateral for the promissory note"); Centerbank v. GRI Investment Co., Superior Court, judicial district of Waterbury, Docket No. 117702 (May 12, 1994,Sylvester, J.) (where the court granted a motion to strike a special defense, which alleged that "the plaintiff failed to demand payment, following a default, at a time when the value of the property securing the note was greater than the debt, and thereby denied the defendant the ability to fully pay the note through foreclosure of the collateral").
Accordingly, Commercial's failure to exercise its rights in the collateral does not support a legally sufficient defense of the implied covenant of good faith and fair dealing.
2. Delay in securing collateral and commencing litigation
Connelly argues that the motion to strike should be denied as both delay in securing available collateral and in instituting an action to recover money on a note are sufficient grounds to support a defense under the implied covenant of good faith and fair dealing.
Delay in instituting an action to recover collateral or a money judgment has been held by several judges of the superior court to constitute a legally sufficient defense based on the implied covenant of good faith and fair dealing. See Cadle Company v. MGMR Associates, CT Page 5438 Superior Court, judicial district of Hartford, Docket No. 553581 (October 14, 1999, Wagner, T.J.R.); Scirocco Partners v. Collins, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140932 (June 21, 1995, D'Andrea, J.). In order to establish such a breach of the implied covenant of good faith and fair dealing, a defendant must demonstrate that "such delay . . . has injured the [defendant's] rights to receive the benefits of the agreement." Citicorp Mortgage, Inc. v. Miller, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326759 (August 14, 1996, West, J.). See also Corriveau v. Aetna Casualty Surety Co., Superior Court, judicial district of Hartford, Docket No. 388036 (March 15, 1996, Sheldon, J.), aff'd, 33 Conn. App. 921,635 A.2d 887 (1994) ("mere delay, without more, is insufficient to support a . . . breach of the implied covenant of good faith and fair dealing").
In his brief, Connelly argues that Commercial "waited eighteen months to commence litigation in this action, allowing the cash flow generated by the business during that period to be dissipated and allowing further interest to accrue." Nonetheless, these allegations are not set forth in Connelly's special defense and, accordingly, cannot support his argument in opposition to Commercial's motion to strike.[2]
Moreover, the special defense asserts that, as a result of Commercial's actions, it is "estopped from enforcing its debt to the value of [the] collateral." As noted, Commercial was not required to assert its rights in the collateral. Rather, it could have chosen to obtain a money judgment on the debt, without violating the implied covenant of good faith and fair dealing. In addition, the courts recognizing the implied covenant of good faith and fair dealing based on delay in commencing litigation in a special defense have only utilized the defense as a means of reducing excessive interest, late charges and other costs. See Citicorp Mortgage, Inc. v. Miller, supra, Superior Court, Docket No. 326759; Cadle Company v. MGMRAssociates, supra, Superior Court, Docket No. 553581.
Accordingly, the special defense does not set forth a legally sufficient defense of the implied covenant of good faith and fair dealing based on delay in commencing litigation to recover collateral or a money judgement.
3. Undisclosed agreement
Commercial argues that the alleged undisclosed negotiation and compromise of a portion of the collateral without prior notification to Connelly does not set forth a legally sufficient special defense CT Page 5439 of the implied covenant of good faith and fair dealing because (1) such actions are authorized under the note and (2) such actions do not violate public policy. In response, Connelly argues that Commercial failed to exercise its rights reasonably and in good faith.
The implied covenant of good faith and fair dealing "is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." Magnan v. Anaconda Industries, Inc., supra, 193 Conn. 567.
The note provides, in pertinent part, that "[h]older is . . . empowered to collect or cause to be collected or otherwise to be converted into money all or any part of the Collateral, by suit or otherwise, and to surrender, compromise, release, renew, extend, exchange, or substitute any item of the Collateral in transactions with the undersigned or any third party, irrespective of any assignment thereof by the undersigned, and without prior notice to or consent of the undersigned or any assignee."
The clearly expressed terms of the note permit Commercial to compromise any part of the collateral without prior notification to Connelly. Nonetheless, the special defense fails to allege that the note terms are contrary to public policy. Accordingly, the alleged secret negotiations concerning the collateral do not support a special defense based on the implied covenant of good faith and fair dealing.[3]
Conclusion
Based on the foregoing, Commercial's motion to strike Connelly's special defense is granted.
It is so ordered.
By the Court,
Gordon, J.